UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CAROLINA J. MEYERS ) | Case No. 06-11348-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION**

Before the court is the objection of Fairfax County, Virginia, to the trustee's proposed payment of its timely-filed secured claim for delinquent personal property taxes. A hearing was held on November 14, 2007, at which the court heard the contentions of the parties and took the matter under advisement. Although there is no dispute that under Virginia law the County's claim for delinquent personal property taxes is secured by the debtor's automobile, the confirmed plan does not treat the claim as secured, but partly as a priority unsecured claim and partly as a general unsecured claim. For the reasons stated, the court concludes that the trustee must pay the claim as directed by the confirmed plan. However, because completion of plan payments will not extinguish the County's lien and may not discharge the debtor's personal liability, the debtor may well wish to consider modifying the plan.

Background

Carolina J. Meyers ("the debtor") is a medical technician. She filed a voluntary petition in this court on October 19, 2006, for adjustment of her debts under chapter 13 of the Bankruptcy Code. The County of Fairfax, Virginia, filed a timely proof of claim on November 3, 2006, asserting a secured claim in the amount of $1,682.60 for personal property taxes owed for

1

calendar years 2003, 2004, 2005, and 2006 on a 2000 Chevrolet motor vehicle. According to the County, the debtor did not report her purchase of the automobile, and the County only became aware of it in August 2006. For reasons that are not well explained, the plan filed by the debtor on November 8, 2007, did not treat the County's claim as secured but instead provided for payment of the 2006 taxes as a priority unsecured claim, and the remainder as a general unsecured claim. The plan, which requires the debtor to pay the chapter 13 trustee $277.00 per month for 36 months, estimates a dividend on unsecured claims of 10 cents on the dollar. Although the County was mailed a copy of the plan, it did not object to confirmation, and an order was entered on December 27, 2006, confirming the plan. Sometime after the claims bar date had passed, the trustee mailed the creditors a notice of how their claim would be paid. It was the Country's response objecting to the trustee's proposed payment that has brought this matter before the court.

Discussion

A.

The debtor does not dispute that the plan does not properly treat the County's claim. Under Virginia law, taxes specifically assessed against personal property "shall constitute a lien against the property so assessed and shall have priority over all security interests." Va. Code Ann. § 58.1-3942(C). The plan valued the debtor's 2000 Chevrolet Blazer (which was subject to a security interest in favor of Ford Motor Credit Company) at $4,848.00. Since the value of the vehicle exceeded the amount of the taxes, and since under state law the tax lien had priority over Ford Credit's lien, the plan should have treated the County's claim as fully secured and, if the claim were to be paid over time, should have provided for interest at the rate specified by non-

bankruptcy law for the month in which the plan was confirmed.  §§ 1325(b)(5) and 511, Bankruptcy Code.

B.

The mere failure of the plan to treat the County's claim as secured does not extinguish the County's statutory lien for the taxes, since any extinguishment would require the bringing of an adversary proceeding for that purpose.[1]  *Cen-Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir. 1995).  The survival of the tax lien, however, may be of cold comfort to the County, since the vehicle will be approximately 9 years old by the time the plan is completed and at that time may well be worth less than the amount of the unpaid taxes.

With respect to the trustee's payment of the claim, the law seems clear that the County, having failed to object to confirmation or to take a timely appeal from the confirmation order, is bound by the terms of the plan even if those terms are contrary to the provisions of the Bankruptcy Code and could not have been confirmed had a timely objection been interposed. § 1327, Bankruptcy Code; *In re Joseph*, No. 97-16155-SSM, 1998 WL 939694 at *3 (Bankr. E.D. Va., November 4, 1997) (denying motion to dismiss case or vacate confirmation order where confirmed chapter 13 plan did not provide for timely-filed IRS priority tax claim).  Absent a timely appeal or the procurement of confirmation by fraud, the confirmed plan is *res judicata* as to all issues except the debtor's ability to pay, and its terms are not subject to collateral attack. The burden is therefore on a creditor to object to a plan that contains objectionable or ambiguous terms; otherwise, parties assume the risk that they will be bound by them. *In re Haynes*, 107 B.R.

---

[1]  In the context of the present dispute, the court need not speculate whether the trustee could avoid the lien under § 545(2), Bankruptcy Code, since in any event such avoidance would require the bringing of an adversary proceeding.  Fed.R.Bankr.P. 7001(2).

83, 86 (Bankr.E.D.Va.1989) (chapter 13 plan with no provision for postpetition interest on secured claim).  Accordingly, since the County did not object to confirmation, the plan governs the treatment of its claim, even if that treatment is contrary to law.

C.

Although the result reached may seem harsh, the County is not necessarily without a remedy for ultimately collecting the taxes.  In addition to the survival of its lien (which, as noted, may prove to be of limited value), the debtor's personal liability may survive any discharge granted in this case *if*, as the County asserts, the debtor did not file required returns reflecting her ownership of the vehicle.[2]  A chapter 13 discharge does not discharge a debtor from certain tax claims.  § 1328(a)(2), Bankruptcy Code.  Among the taxes excluded from discharge are taxes:

> (B) with respect to which a return, or equivalent report or notice, if required—
>     (i) was not filed or given; or
>     (ii) was filed or given after the date on which such return, report, or notice
>     was last due, under applicable law or under any extension, and after two
>     years before the date of the filing of the petition[.]

§ 523(a)(2)(B), Bankruptcy Code.  Of course, a formal determination of dischargeability by this court would require an adversary proceeding for that purpose.  Fed.R.Bankr.P. 7001(6).  Because tax debts are not governed by § 523(c), Bankruptcy Code, a dischargeability action may be

---

[2] At oral argument, the County suggested that the debtor's failure to file a return transformed the claim for the years prior to 2006 into a priority claim.  The court cannot agree.  Although under §523(a)(1)(A), Bankruptcy Code, all priority taxes are non-dischargeable, the reverse is not true, since the universe of non-dischargeable taxes includes more than priority taxes.  *See* §523(a)(1)(B) and (C).  A property tax is entitled to priority only if it was "incurred before the commencement of the case and *last payable without penalty* after one year before the date of the filing of the petition." § 507(a)(8)(B), Bankruptcy Code.  Regardless of when the County actually *billed* the debtor for the 2003 through 2005 taxes, her liability was *incurred* on January 1st of each year that the vehicle was garaged in Fairfax County and was last payable *without penalty* more than one year prior to the filing of the petition.  The trustee and the debtor do not dispute that the 2006 taxes are entitled to priority.

brought at any time. Fed.R.Bankr.P. 4007(b). Additionally, although this court has *original* jurisdiction to determine the dischargeability of tax claims, such jurisdiction is not *exclusive,* and a determination of dischargeability could also be made in a state court action to collect the tax. Given the possibility that she could be pursued for the unpaid portion of the 2003 through 2005 taxes following discharge, the debtor may well wish to consider amending the plan to provide for proper treatment of the County's claim.

      A separate order will be entered overruling the County's objection to the trustee's proposed payment of its claim.

Date: _____      _____
                                      Stephen S. Mitchell
Alexandria, Virginia      United States Bankruptcy Judge

Copies to:

Nancy F. Loftus, Esquire
Assistant County Attorney
Office of the County Attorney
12000 Government Center Pkwy., Ste 549
Fairfax, Virginia 22035

Karen Strid Lang, Esquire
Karen Strid Lang, P.L.C.
524 King Street
Alexandria, VA 22314
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Carolina J. Meyers
5809 Ashfield Road
Alexandria, VA 22315-4107
Debtor